Rogers v. Reed.

CHARLES ROGERS & al. vs. SAMUEL D. REED.

Two or more persons who are not partners, may take a note payable to them-
selves by their surnames only, which will be good evidence of a debt, upon
sufficient proof of identity. And to establish the identity, it is not necessa-
ry to prove that they were partners at the time of the date of the note.

EXCEPTIONS from the Middle District Court, REDINGTON J. pre-
siding.

Assumpsit on a note of which a copy follows.

" *Bath, Oct.* 31, 1833. Twelve months after date, I promise
to pay *Messrs. Rogers & Cutler* and *George W. Drinkwater,* or
order, one hundred twelve dollars, for value received of *Eveline
Rogers.*                                                *S. D. Reed.*"

The note was wholly in the handwriting of *Reed,* and was given to *Eveline Rogers,* to be by her transferred to the payees in payment of debts due them. They refused to accept the note, but permitted her to proceed with it in their names.

In the writ, the defendant was summoned "to answer unto *George L. Drinkwater* and *Charles Rogers, Jr.* both of *Portland* in the county of *Cumberland,* merchants, and *Samuel Cutler* of *Boston,* &c. in a plea of the case, for that the said *Reed,* at, &c., on, &c., by his note under his hand of that date, for value received, promised to pay to the said *Drinkwater,* by the name of *George W. Drinkwater,* and to said *Rogers* and *Cutler* or order, the sum of, &c."

In the course of the trial the counsel for the defendant objected, that the note being payable to Messrs. *Rogers & Cutler* and *George W. Drinkwater,* did not support the declaration, and that it did not appear that the three plaintiffs were the persons to whom the note was made payable. Thereupon the plaintiff offered testimony tending to prove "that by the name *George W. Drinkwater,* mentioned in the note, was meant *George L. Drinkwater,* and that the plaintiffs, *Charles Rogers, Jr.* and *Samuel Cutler,* at the time of giving the note, were merchants residing in *Portland,* and there doing business under the firm and style of *Rogers & Cutler.*"

The counsel for the plaintiff requested the Judge to instruct the jury, that if they were satisfied that the defendant signed the note, and that the body of it was in his handwriting, that in the absence of all opposing proof, it was sufficient evidence of a recognition by said defendant of said plaintiffs as a firm, as to supersede the necessity of any further proof on their part, of the existence of such firm at the time of the date of said note.

The Judge instructed the jury, that it was incumbent on the plaintiffs to prove that these were the persons to whom the note was made payable under the name of *Cutler & Rogers* and *George W. Drinkwater ;* that the existence of the firm of *Cutler & Rogers* in *January,* 1833, was not of itself sufficient evidence; that they might however consider the testimony of *Mr. Clapp,* of the conversation which he heard between the defendant and *Eveline Rogers* in *June,* 1838; that as she spoke of the firm as being in

existence when she offered them the note, which must of course be subsequent to its date; and as the defendant did not object to the existence of such firm, the jury might infer, if they thought proper, from that and the other evidence in the case, that the firm existed at the date of the note, in which case they would find for the plaintiff; but otherwise for the defendant. The verdict was for the defendant, and the plaintiffs filed exceptions.

*F. Allen,* for the plaintiffs, said there was no question as to variation between declaration and proof; that there was no allegation, that the plaintiffs, or any of them, were partners; and that the evidence in relation to the partnership of *Rogers & Cutler,* was merely to show their full names, and prove their identity. The instruction of the Judge, therefore, that the plaintiffs must prove the existence of a partnership, when the note was given, was erroneous. Had the note been made to *C. Rogers, & Co.* instead of *Rogers & Cutler,* the instructions might have been proper.

*Groton,* for the defendant, contended, that the instruction of the Judge was right, and that it was a mere question of weight of evidence, of which the jury were the sole judges. If there was a firm of *Rogers & Cutler* at one time, of which the plaintiffs were members, it is not proof that the same firm existed, and was composed of the same persons long afterwards, when the note was given.

The opinion of the Court was by

WESTON C. J. — *Rogers* and *Cutler,* two of the plaintiffs, do not declare as partners, although they are named in the note in a manner, which usually indicates the existence of a firm. It appears that they had been partners, so as to leave no question of the identity of the persons intended. This being established, it was not necessary to prove the continuance of the partnership up to the time of the date of the note. Two or more persons, who are not partners may take a note payable to them by their surnames only, which will be good evidence of a debt upon sufficient proof of identity. We are of opinion therefore, that the plaintiff was not bound to prove, as the jury were instructed, that *Rogers* and *Cutler* were partners, at the time of the date of the note.

*Exceptions sustained.*